Richard S. Mandel, Esq.
COWAN, LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas
New York, New York 10036-6799
(212) 790-9200

Attorneys for Plaintiffs
CAPITOL RECORDS, LLC and UNIVERSAL-POLYGRAM
INTERNATIONAL PUBLISHING, INC.



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
CAPITOL RECORDS, LLC and UNIVERSAL-    :    14 Civ.
POLYGRAM  INTERNATIONAL PUBLISHING,
INC.,                                                                            :

                              Plaintiffs,                                :    **COMPLAINT**

    -against-                                                              :

MONSTER ENERGY COMPANY,                              :

                             Defendant.                          :
-------------------------------------------------------------- x

       Plaintiffs Capitol Records, LLC and Universal-Polygram International Publishing, Inc. (collectively, "Plaintiffs"), by and through their attorneys, Cowan, Liebowitz & Latman, P.C., as and for their Complaint, allege as follows:

### THE PARTIES

       1.     Plaintiff Capitol Records, LLC ("Capitol") is a Delaware limited liability company with its principal place of business in Los Angeles, California.

       2.     Plaintiff Universal-Polygram International Publishing, Inc. ("Universal") is a Delaware corporation with its principal place of business in Los Angeles, California.

       3.     Upon information and belief, Defendant Monster Energy Company ("Defendant" or "Monster") is a Delaware corporation with its principal place of business at 550 Monica Circle, Suite 201, Corona, California 92880.

## JURISDICTION AND VENUE

4. This civil action seeks injunctive relief and damages for copyright infringement under the Copyright Act, 17 U.S.C. § 101 et seq.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant because, on information and belief, it transacted business in New York and committed tortious acts outside New York causing injury in New York.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and 1400(a).

## FACTS

**Plaintiffs' Copyrights**

8. Plaintiff Capitol is a well-known record company engaged in the business of producing, manufacturing, distributing, selling, licensing and facilitating the distribution and sale of sound recordings.

9. Plaintiff Universal is a well-known music publishing company engaged in the business of administering copyrights in and licensing the use of musical compositions.

10. Plaintiffs have invested and continue to invest significant money, time, effort and creative talent to discover and develop recording artists and songwriters, and to create and exploit sound recordings recorded by, and musical compositions written by, their respective exclusive recording artist and songwriters.  Plaintiffs, their recording artists and/or songwriters and others in the music industry are compensated for their creative efforts and monetary investments largely from the exploitation of such recordings and musical compositions.

11. Capitol is the co-owner of the copyright to various original sound recordings

featuring the performances of the famous hip hop artists Beastie Boys, including the following works duly registered with the United States Copyright Office under the registration numbers indicated below (collectively, the "Beastie Boys Recordings"):

| Recording | Registration No. |
|---|---|
| "So Watcha Want" | SR0000197458 |
| "Sabotage" | SR0000213461 |
| "Looking Down the Barrel of a Gun" | SRu000154345 |
| "Make Some Noise" | SR0000676386 |
| "Pass the Mic" | SR0000197458 |

12. Universal is the co-owner of the copyright to various original musical compositions written by the members of Beastie Boys, including the following works duly registered with the United States Copyright Office under the registration numbers indicated below (collectively, the "Beastie Boys Compositions"):

| Recording | Registration No. |
|---|---|
| "So Watcha Want" | PA0000640261 |
| "Sabotage" | PA0000721110 |
| "Looking Down the Barrel of a Gun" | PA0000618789 |
| "Make Some Noise" | PA0001767284 |
| "Pass the Mic" | PA0000640257 |

**Defendant's Infringing Conduct**

13. Defendant Monster is a manufacturer and distributor of energy drinks and alternative beverages, including MONSTER ENERGY brand energy drinks.

14. Upon information and belief, in or around 2012, without Plaintiffs' consent,

Monster and/or entities acting at Monster's direction synchronized and recorded the Beastie Boys Compositions and the Beastie Boy Recordings together with visual and other material to create promotional videos for Monster's products, including a promotional video for Monster's "Ruckus in the Rockies 2012" promotional event (the "Video"). The soundtrack of the Video is comprised substantially of excerpts from the Beastie Boys Recordings and Beastie Boys Compositions totaling more than three minutes in duration.

15. Upon information and belief, on or around May 9, 2012, Monster posted the Video on a number of websites, including, without limitation, Monster's official website located at www.monsterenergy.com and the YouTube website located at www.youtube.com, for use as advertising and promotion for Monster and its products and events.

16. Monster's unauthorized creation and distribution of the Video constitutes infringement of Plaintiffs' copyrights in the Beastie Boys Recordings and Beastie Boys Compositions. Indeed, such acts by Defendant Monster have already been adjudicated to be infringing and damages have been awarded and other determinations made by the jury (collectively, the "Findings") in an action brought by the co-owners of the copyrights in the Beastie Boys Recordings and Beastie Boys Compositions, <u>Beastie Boys et al. v. Monster Energy Company</u>, 12 Civ. 6065 (PAE) (the "Beastie Boys Action"). The Findings in the Beastie Boys Action are binding upon Monster and collaterally estop it from challenging the Findings in this action.

17. Monster's infringing acts were willful, intentional and purposeful, in blatant disregard of Plaintiffs' rights.

18. By virtue of Monster's infringing conduct, it has made profits and gains to which it is not in law or equity entitled.

19. The infringements of Plaintiffs' copyright rights in the Beastie Boys Recordings and Beastie Boys Compositions have damaged Plaintiffs and caused them irreparable harm. Plaintiffs have no adequate remedy at law for such infringements.

## COUNT 1
### (Copyright Infringement of "So Whatcha Want" Recording)

20. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-19 above with the same force and effect as if set forth fully herein.

21. Monster's unauthorized reproduction of, preparation of a derivative work based upon, distribution to the public of and public performance of Capitol's copyrighted sound recording "So Whatcha Want" in the Video infringes Capitol's exclusive rights under the Copyright Act, 17 U.S.C. § 106.

22. Each unauthorized reproduction, derivative work, distribution to the public and public performance of Capitol's copyrighted sound recording constitutes an individual and distinct act of infringement.

## COUNT II
### (Copyright Infringement of "So Whatcha Want" Composition)

23. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-19 above with the same force and effect as if set forth fully herein.

24. Monster's unauthorized reproduction of, preparation of a derivative work based upon, distribution to the public of and public performance of Universal's copyrighted musical composition "So Whatcha Want" in the Video infringes Universal's exclusive rights under the Copyright Act, 17 U.S.C. § 106.

25. Each unauthorized reproduction, derivative work, distribution to the public and public performance of Universal's copyrighted musical composition constitutes an individual

and distinct act of infringement.

## COUNT III
### (Copyright Infringement of "Sabotage" Recording)

26. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-19 above with the same force and effect as if set forth fully herein.

27. Monster's unauthorized reproduction of, preparation of a derivative work based upon, distribution to the public of and public performance of Capitol's copyrighted sound recording "Sabotage" in the Video infringes Capitol's exclusive rights under the Copyright Act, 17 U.S.C. § 106.

28. Each unauthorized reproduction, derivative work, distribution to the public and public performance of Capitol's copyrighted sound recording constitutes an individual and distinct act of infringement.

## COUNT IV
### (Copyright Infringement of "Sabotage" Composition)

29. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-19 above with the same force and effect as if set forth fully herein.

30. Monster's unauthorized reproduction of, preparation of a derivative work based upon, distribution to the public of and public performance of Universal's copyrighted musical composition "Sabotage" in the Video infringes Universal's exclusive rights under the Copyright Act, 17 U.S.C. § 106.

31. Each unauthorized reproduction, derivative work, distribution to the public and public performance of Universal's copyrighted musical composition constitutes an individual and distinct act of infringement.

29503/015/1497183.2

## COUNT V
### (Copyright Infringement of "Looking Down the Barrel of a Gun" Recording)

32. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-19 above with the same force and effect as if set forth fully herein.

33. Monster's unauthorized reproduction of, preparation of a derivative work based upon, distribution to the public of and public performance of Capitol's copyrighted sound recording "Looking Down the Barrel of a Gun" in the Video infringes Capitol's exclusive rights under the Copyright Act, 17 U.S.C. § 106.

34. Each unauthorized reproduction, derivative work, distribution to the public and public performance of Capitol's copyrighted sound recording constitutes an individual and distinct act of infringement.

## COUNT VI
### (Copyright Infringement of "Looking Down the Barrel of a Gun" Composition")

35. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-19 above with the same force and effect as if set forth fully herein.

36. Monster's unauthorized reproduction of, preparation of a derivative work based upon, distribution to the public of and public performance of Universal's copyrighted musical composition "Looking Down the Barrel of a Gun" in the Video infringes Universal's exclusive rights under the Copyright Act, 17 U.S.C. § 106.

37. Each unauthorized reproduction, derivative work, distribution to the public and public performance of Universal's copyrighted musical composition constitutes an individual and distinct act of infringement.

## COUNT VII
### (Copyright Infringement of "Make Some Noise" Recording)

38. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-19 above


with the same force and effect as if set forth fully herein.

39. Monster's unauthorized reproduction of, preparation of a derivative work based upon, distribution to the public of and public performance of Capitol's copyrighted sound recording "Make Some Noise" in the Video infringes Capitol's exclusive rights under the Copyright Act, 17 U.S.C. § 106.

40. Each unauthorized reproduction, derivative work, distribution to the public and public performance of Capitol's copyrighted sound recording constitutes an individual and distinct act of infringement.

## COUNT VIII
### (Copyright Infringement of "Make Some Noise" Composition)

41. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-19 above with the same force and effect as if set forth fully herein.

42. Monster's unauthorized reproduction of, preparation of a derivative work based upon, distribution to the public of and public performance of Universal's copyrighted musical composition "Make Some Noise" in the Video infringes Universal's exclusive rights under the Copyright Act, 17 U.S.C. § 106.

43. Each unauthorized reproduction, derivative work, distribution to the public and public performance of Universal's copyrighted musical composition constitutes an individual and distinct act of infringement.

## COUNT IX
### (Copyright Infringement of "Pass the Mic" Recording)

44. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-19 above with the same force and effect as if set forth fully herein.

45. Monster's unauthorized reproduction of, preparation of a derivative work based

upon, distribution to the public of and public performance of Capitol's copyrighted sound recording "Pass the Mic" in the Video infringes Capitol's exclusive rights under the Copyright Act, 17 U.S.C. § 106.

46. Each unauthorized reproduction, derivative work, distribution to the public and public performance of Capitol's copyrighted sound recording constitutes an individual and distinct act of infringement.

### COUNT X
### (Copyright Infringement of "Pass the Mic" Composition)

47. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-19 above with the same force and effect as if set forth fully herein.

48. Monster's unauthorized reproduction of, preparation of a derivative work based upon, distribution to the public of and public performance of Universal's copyrighted musical composition "Pass the Mic" in the Video infringes Universal's exclusive rights under the Copyright Act, 17 U.S.C. § 106.

49. Each unauthorized reproduction, derivative work, distribution to the public and public performance of Universal's copyrighted sound recording constitutes an individual and distinct act of infringement.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendant as follows:

A. For a permanent injunction enjoining Monster and its agents, servants, employees, officers, directors, attorneys, successors, assigns, licensees and all others in active concert or participation with any of them from any further reproduction, distribution, performance or exploitation of the Video, the Beastie Boys Recordings or the Beastie Boys Compositions.

29503/015/1497183.2

    B.    For an award of statutory damages in the total amount of one million two hundred thousand dollars ($1,200,000) representing $120,000 per infringement for each of the Beastie Boy Recordings and each of the Beastie Boys Compositions or such other amount of statutory damages that Plaintiffs may seek, or at Plaintiffs' election, actual damages suffered by Plaintiffs and all profits earned by Defendants from each of the foregoing infringements as permitted under the Copyright Act, in an amount to be determined at trial.

    C.    For prejudgment and post-judgment interest.

    D.    For an order awarding Plaintiffs' attorneys' fees, together with the costs and disbursements of this action.

    E.    For such other and further relief as the Court may deem just and proper.

Dated: New York, New York  
       September 23, 2014

                  COWAN, LIEBOWITZ & LATMAN, P.C.

                  By: _____  
                      Richard S. Mandel

                  1133 Avenue of the Americas  
                  New York, New York 10036-6799  
                  (212) 790-9200

                  Attorneys for Plaintiff  
                  Capitol Records, LLC and Universal-Polygram  
                  International Publishing, Inc.

29503/015/1497183.2